# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:18-cv-127-RJC

| | |
|---|---|
| TIGRESS SYDNEY ACUTE MCDANIEL, *on behalf of* A.M., | ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) ) |
| CHARLOTTE MECKLENBURG SCHOOLS, et al., | ) ) **ORDER** ) |
| **Defendants.** | ) ) ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's Complaint, (Doc. No. 1), on Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2), and on Plaintiff's "Motion for Recusal of Judge Conrad, Jr.," (Doc. No. 3).

**I.    BACKGROUND**

Pro se Plaintiff Tigress Sydney Acute McDaniel, a resident of Charlotte, North Carolina, filed this action on March 15, 2018, purportedly on her own behalf and on behalf of her minor son, "A.M." Plaintiff has named numerous Defendants, including "Charlotte-Mecklenburg Schools," "Charlotte-Mecklenburg Board of Education," administrators and teachers at various Charlotte-Mecklenburg schools, private individuals, and an attorney representing Charlotte-Mecklenburg Schools. Plaintiff purports to bring an action under 42 U.S.C. § 1983, 42 U.S.C. § 1985, "Section 504 of the Americans with Disabilities Act" ("ADA"),[1] and various state torts, including

---

[1] Plaintiff is most likely referring to Section 504 of the Rehabilitation Act of 1973, which guarantees to handicapped individuals the right to participate in, and receive the benefits of, any program or activity receiving federal financial assistance. See Hessler v. State Bd. of Educ. of Md., 700 F.2d 134, 137 (4th Cir. 1983).

1

"conspiracy and public corruption," "public corruption," "de facto discrimination," and "negligence," arising out of treatment her minor son allegedly received while attending various public schools in Charlotte, North Carolina. Plaintiff alleges that her minor son was under a "504" plan in the public schools due to various medical conditions, and Defendants committed various state law torts and violated the ADA by, among other things, failing to properly address her son's medical condition. (Id. at 4). As relief, Plaintiff seeks compensatory damages, punitive damages, a "formal apology" from Defendants, and all other forms of "appropriate" relief. (Id. at 13).

The Court first addresses Plaintiff's motion to proceed in forma pauperis. Plaintiff's affidavit shows that she has had a total monthly income of $3,928 for the past twelve months (which appears to include payments from an educational loan), and she expects to receive the same amount in income next month. (Doc. No. 2 at 5). Plaintiff reports that she has $120 in cash and $120 in a checking account. (Id. at 2). Plaintiff reports total monthly expenses of $4,004. (Id. at 5). In explaining why she cannot pay the costs of these proceedings, Plaintiff states, "The absent parent . . . paid only $118 last period, as opposed to $261.00, which is routinely paid every two weeks." (Id.). The Court is satisfied that Plaintiff does not have sufficient funds to pay the filing fees. The Court will, therefore, allow the motion and permit Plaintiff to proceed in forma pauperis.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, Secion 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the Court must identify cognizable claims or dismiss the complaint, or any portion of the

complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

**A. Plaintiff's Motion to Recuse**

First, as to Plaintiff's motion for recusal of the undersigned, Plaintiff alleges the following in support:

> There exists sufficient evidence in Judge Conrad Jr.'s orders in response to Plaintiff's pleading that far exceed the threshold for reasonable appearance of bias against her. Upon information and belief, Plaintiff asserts and alleges that Judge Conrad, Jr. has been tainted by corrupt judicial and legal officials, and has agreeably or alternatively been coerced to conspire with other corrupt judicial and legal officials to subject her to unlawful impediment by prematurely dismissing her valid claim related to second case filed in this jurisdiction. Plaintiff asserts that her first action filed in this jurisdiction was adjudicated impartially, and markedly in favor for the IFP and proceeding to trial on the merits of the case surviving the Defendants' Motion to Dismiss, under an opining that was substantiation of her claims and no frivolity to merit dismissal of her action. However, when Plaintiff submitted her second action against Defendants who have knowingly, routinely, maliciously conspired corruption against Plaintiff for a period spanning over a decade including both a criminal matter and civil action to execute a money judgment in her favor, suddenly Judge Conrad, Jr.'s disposition toward her negatively changed. Plaintiff, on behalf of her son, asserts that she and her Son will sustain irreparable harm if subjected to unlawful impediment at the hand of Judge Conrad, Jr., who has exhibited unlawful bias against her. As a matter of law and in the interest of justice, no legality is compromised in the

3

assignment of another judge.

See (Doc. No. 3 at 1-2). The Court will deny the motion to recuse. A judge may be recused for personal bias or prejudice, having a familial or fiduciary interest in the proceeding, having personal knowledge of disputed facts, or having a conflict of interest from his prior practice. See 28 U.S.C. §§ 144, 455. Plaintiff has not asserted sufficient facts setting forth grounds for disqualification of the undersigned under either 28 U.S.C. § 144 or § 455.[2] That is, Plaintiff's allegations in support of the motion to recuse are vague, and the Court further finds that a prior unfavorable ruling against Plaintiff is not sufficient grounds to justify recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994) (noting that prior judicial rulings alone are not a basis for a motion for recusal on the grounds of bias or partiality). "[T]he nature of the judge's bias must be personal and not judicial." In re Beard, 811 F.2d 818, 827 (4th Cir. 1987). In sum, for the reasons stated herein, the motion for recusal is denied.

**B. Initial Screening**

The Court will dismiss this action for several reasons. Here, Plaintiff expressly states in the Complaint that she has initiated a state court action on January 24, 2018, against the same Defendants named in this action, and that action is pending. See (Doc. No. 1 at 9, 12). Because it is not the province of the federal courts to interfere with ongoing state proceedings, the Court will abstain from addressing Plaintiff's claims in this lawsuit.[3] See Younger v. Harris, 401 U.S.

---

[2] Plaintiff did not cite to Section 144 or Section 455, and she has not provided an affidavit supporting the motion as required under Section 144.

[3] Abstention under Younger is appropriate when: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Md.

37 (1971). Furthermore, to the extent that Plaintiff seeks an order from this Court reviewing an order by the state court in the state court action, this action is barred by the Rooker-Feldman doctrine, which bars federal courts from sitting "in direct review of state court decisions." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-84 (1983). See also Curley v. Adams Creek Assocs., 409 Fed. App'x 678, 680 (4th Cir. 2011) (holding that Rooker-Feldman precluded subject matter jurisdiction over plaintiff's claim that the state court violated her due process rights by failing to give her notice before disposing of real property owned by her).

Next, to the extent that Plaintiff is attempting to bring a Section 1983 action against private individuals not acting under color of state law, including a private attorney, those individuals would be subject to dismissal in any event. See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (private actors are not persons acting under color of state law and, thus, cannot be held liable under Section 1983); see also Davidson v. Ratliff, No. 4:11-1072-RBH-SVH, 2011 WL 3678679, at *2 (D.S.C. June 3, 2011) (private counsel was not acting under color of state law under 42 U.S.C. § 1983). Furthermore, to the extent that "Charlotte-Mecklenburg Schools" has been named as a Defendant, "Charlotte-Mecklenburg Schools" is not a distinct legal entity capable of being sued, nor is it a "person" within the meaning of 42 U.S.C. § 1983.[4] See Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 688 & n.55 (1978) (noting that, for purposes of Section 1983 action, a

---

Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). All of the requirements are met for Younger abstention in this lawsuit.

[4] Additionally, as to Defendant "Charlotte-Mecklenburg Board of Education," a county board of education is an agent of the state and is therefore entitled to sovereign immunity, unless it has been waived. See Collum v. Charlotte-Mecklenburg Bd. of Educ., No. 3:07cv534-RJC-DSC, 2010 WL 702462, at **6-7 (W.D.N.C. Feb. 23, 2010).

"person" includes individuals and "bodies politic and corporate"); FED. R. CIV. P. 17(b).

Finally, Plaintiff purports to bring this action on her own behalf as well as on behalf of her minor son. While Plaintiff may prosecute her own actions in propria persona, that right is personal to her and, absent some other statutory authorization, she has no authority to prosecute an action in federal court on behalf of others than herself, including on behalf of her minor child. Stoner v. Santa Clara Cnty. Office of Educ., 502 F.3d 1116, 1126 (9th Cir. 2007); Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395 (4th Cir. 2005). The right to litigate one's claims without an attorney does not give rise to the right to litigate for others. Id. at 400; Kelly v. Univ. Health Sys., No. 7:11cv24-FL, 2011 WL 780597, at *2 (E.D.N.C. Feb. 25, 2011) (daughter could not bring action on behalf of mother in pro se capacity).

### IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED**.

2. Plaintiff's "Motion for Recusal of Judge Conrad, Jr.," (Doc. No. 3), is **DENIED**.

3. This action is **DISMISSED** without prejudice.

Signed: April 17, 2018

Robert J. Conrad, Jr.
United States District Judge